Wayne Patrick IRELAND, Appellant,

v.

UNITED STATES, Appellee.

No. 79–414.

District of Columbia Court of Appeals.

July 30, 1979.

Stephen H. Glickman, Public Defender Service, Washington, D. C., was on the Petition for Rehearing or Rehearing En Banc.

Carl S. Rauh, U. S. Atty., and John A. Terry and Norman M. Monhait, Asst. U. S. Attys., Washington, D. C., were on the Opposition to the Petition for Rehearing or Rehearing En Banc.

Before * NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This pretrial bail appeal came on before the motions division for expedited determination. *See* D.C.App. R. 9(a)(1). In the petition for rehearing issue is joined on whether the trial court may properly impose a surety bond which the accused is unable to post. The petition for rehearing takes the position that the use of a high surety bond to assure appearance is an improper means of "preventive detention." The government, in its opposition to rehearing, takes the position that our bail law contemplates that an accused may not be able to post a surety bond and that detention may properly follow. We deny rehearing.

When this case first came on for consideration, the court entered the following order:

BEFORE: Newman, Chief Judge; Kern and Nebeker, Associate Judges

ORDER

This pretrial bail appeal came on for consideration on the parties' cross-motions for summary disposition, exhibits attached thereto, appellant's reply to the government's motion and the record on appeal. It appears therefrom that the trial court has set a $15,000 surety bond and has stated in writing his reasons for not modifying that bond. The trial court has also denied appellant's request for third-party custody release to the Bureau of Rehabilitation without giving reasons why he deems such proposed third-party custody insufficient to insure appellant's

* Chief Judge Newman dissents to this opinion.

appearance as required. Accordingly, it is

ORDERED that the record is remanded to the trial court with directions to state reasons, if any, why non-monetary conditions of release as proposed will not assure appellant's appearance as required. *See Jones v. United States*, 347 A.2d 399, 401 (D.C.App.1975); *Bouknight v. United States*, 305 A.2d 524, 525–27 (D.C.App. 1973). This remand is without prejudice to entry by the trial judge of any order modifying conditions of release should it be deemed appropriate. In the event conditions of release are not modified, the record, as supplemented, shall be transmitted forthwith to the Clerk of this Court.

After the trial court stated its reasons why non-monetary conditions of release would not assure appellant's appearance, we entered the following order together with the attached dissent.

BEFORE: * Newman, Chief Judge; Kern and Nebeker, Associate Judges

* Newman, Chief Judge, dissenting:

The trial court's order of May 11, 1979, entered after our remand makes clear its view that nothing short of incarceration will insure the defendant's appearance at trial. To impose a $15,000 surety bond to insure such incarceration, rather than the preventive detention section of the statute, is in my view not lawful. Thus, I dissent.

### ORDER

This pretrial bail appeal came before the Court on cross-motions for summary disposition. This Court had earlier remanded the case to the Superior Court for a statement of reasons why non-monetary conditions of release would not insure appearance of the accused as required. On consideration of the record as supplemented and the pleadings of the parties, we hold that the order of the trial court is supported by the proceedings below; and, accordingly, it is affirmed.

While the trial court could have ordered 24-hour third-party custody by someone capable of preventing appellant's flight, it did not have that as the only available release condition.[1] When practical third-party custody or other non-monetary release conditions are not available, resort to money bond is permitted.[2] Our only review function is to determine the existence or not of support for the order entered.[3] That review limitation includes whether proper consideration has been given to non-monetary conditions of release. Our earlier remand was to insure that that had been done. The record supports the rejection of the proposed custodian release as well as other non-monetary release conditions and correspondingly supports the money bail order. Our review function does not permit us to make a different decision anew so long as support (a rational basis) exists for the bail order imposed.[4] Accordingly, it is

[1] D.C.Code 1973, 23–1321(a).

[2] *Id.* ". . . When such a determination is made [that personal recognizance or unsecured appearance bond will not reasonably assure appearance as required], the judicial officer shall . . . impose the first of the following conditions . . . ." A secured bail bond is the fourth of five alternatives.

[3] D.C.Code 1973, § 23–1324(b).

[4] *Id.* ". . . Any order so appealed *shall* be affirmed if it is supported by the proceedings below . . . ."

ORDERED and ADJUDGED that the order appealed from be, and hereby is, affirmed.

### PER CURIAM

As can be seen, the question now posed revolves around the meaning of "preventive detention" and whether the fact of detention in this case through inability to post the surety bond violates the statutory scheme for pretrial bail. The term "preventive detention" is referred to by appellant in his brief and by the dissent in the previous order in this case. The appellant claims that the high surety bond set by the trial court constitutes a means of preventive detention. The dissent argues that the trial court should have incarcerated appellant under "the preventive detention section of the statute" instead of imposing a surety bond. Both invocations of the concept, however, are erroneous.

■ "Preventive detention" is, if meaningful at all, a term meaning the "detaining [of] accused persons in order to prevent them from engaging in future anti-social behavior." *Federal Bail Proceedings: Hearings on S. 1327, S. 646, S. 647, and S. 648, Before the Subcom. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary,* 89th Cong., 1st Sess. 29 (1965) (statement of Deputy Attorney General Ramsey Clark) [hereinafter, *Hearings*]. An order of pretrial detention is to be distinguished from detention resulting from failure to post bond or to meet other non-monetary conditions of release. The bail laws of the District of Columbia clearly make this distinction. The federal bail laws do not. The federal bail laws authorize judicial officers to impose conditions of release of a defendant which will "reasonably assure the appearance of the person" as required. Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152 (1976). However, the Act contains no provision for pretrial detention in non-capital cases even though preventive detention was mentioned in the legislative history.** "[U]nlike the Bail Reform Act of 1966 . . . , where assurance of appearance is the only basis for conditions of release," *Bouknight v. United States,* D.C.App., 305 A.2d 524, 526 (1973) (separate statement by Nebeker, J.), the District's bail laws provide both for non-monetary conditions of release to assure "the safety of any other person or the community," *id.,* and for conditions of release including "financial conditions" to assure the defendant's appearance at trial. D.C. Code 1973, § 23–1321. Ordered pretrial detention is permissible under D.C.Code 1973, § 23–1322, however, such orders of detention are limited to a very specific category of persons deemed dangerous. The same is true under § 23–1323 with respect to detention of addicts. Neither provision contemplates an order of detention because of anticipated flight. Both are limited to situations where danger is contemplated.

■ Thus, the dissent misapprehends the availability of the so-called preventive detention under § 23–1322. It is noted that appellant does not assert that § 23–1322 is available for an order of detention. In this case danger is not a question. We are dealing solely with a determination by the trial court that the accused is likely to flee. The appellant seems to take the position that if money bond is to be used to assure appearance, it must be set at an amount which the accused can afford. We reject that notion. The statutory scheme does not contemplate that money bond must bring about release. In this case the trial court has carefully considered and rejected non-monetary conditions as ineffective to bring about appellant's appearance when required. He has concluded that a $15,000 surety bond will, if posted, bring about that assurance. Implicit in the trial court's decision is that a surety's financial interest would impel sufficient supervision of appellant that he would be unable surreptitiously to flee or otherwise be unavailable for court appearances. There is nothing in the statutory scheme which requires the trial court, after reasonably rejecting non-monetary release conditions, to impose a money bail which will guarantee a defendant's pretrial liberty. So long as the amount is reasonably related to the risk of flight it is not excessive under the Eighth Amendment, *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and the accused may be lawfully detained for failure to post the bail.

*Rehearing denied.*

---

** Deputy Attorney General Clark referred to the concept of preventive detention when he decried the use of high money bond to bring about pretrial incarceration of individuals thought to be dangerous. *Hearings, supra* at 24–25.