**Dwain W. LYNCH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–870.

District of Columbia Court of Appeals.

Argued Sept. 21, 1987.
Decided Nov. 17, 1987.

David A. Reiser, Public Defender Service, with whom James Klein and Reita Pendry, Public Defender Service, Washington, D.C., were on the petition, for appellant.

Sharon A. Sprague, Asst. U.S. Atty., for appellee. Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Helen M. Bollwerk and G. Paul Howes, Asst. U.S. Attys., Washington, D.C., also entered appearances for appellee.

Before PRYOR, Chief Judge,
TERRY, Associate Judge, and
NEBEKER, Associate Judge, Retired.

ON PETITION FOR REHEARING

NEBEKER, Associate Judge, Retired:

This is an appeal from an order of pretrial detention pursuant to D.C.Code § 23–1325(a) (Supp.1987). Appellant argues (1) that the procedures afforded him were constitutionally inadequate, (2) that the order of detention is not supported by the evidence, and (3) that due process requires that detention be of a specified duration. We earlier sua sponte affirmed the detention order when we denied a motion for summary reversal. A petition for rehearing was granted, and we heard oral argument. We reject appellant's first claim and find that he received due process in the detention hearing. We reject appellant's second claim as the order of detention is supported by the proceedings below. With respect to appellant's third claim, we find that Super.Ct.Crim.R. 48(b) provides sufficient protection against protracted detention. We affirm.

### I.

Appellant was arrested on July 23, 1987, pursuant to a warrant charging him with first-degree murder while armed. On July 24, 1987, appellant was presented before Commissioner Thomas Gaye. The government sought detention pursuant to § 23–1325(a), *supra.* Commissioner Gaye found probable cause and ordered appellant held without bond pending the preliminary hearing. On July 28, 1987, appellant filed a motion demanding, on due process grounds, the right to compulsory process and confrontation of the government's witnesses, the right to the elevated standard of clear and convincing evidence to prove both appellant's commission of the offense and his dangerousness, and the right to strict time limitations on detention if imposed.

The preliminary hearing was held before the Honorable Frederick H. Weisberg on July 30, 1987. After hearing argument from counsel on the degree of the burden of proof necessary to detain appellant, Judge Weisberg ruled that probable cause was sufficient to establish that appellant committed the crime. However, out of an abundance of caution, Judge Weisberg ruled that the government would have to provide clear and convincing evidence that appellant would be a danger to the community if released. Judge Weisberg denied appellant's motion to require the government to produce witnesses having personal knowledge of the incident and ruled that under Super.Ct.Crim.R. 5, appellant's confrontation rights were adequately protected by the opportunity to cross-examine the government's sole witness, Detective Victor Smith. Judge Weisberg acknowledged that appellant had a right to a speedy trial; however, he reserved judgment on this issue until such time as unnecessarily prolonged detention would warrant consideration of a speedy trial claim.

Judge Weisberg heard the testimony of Detective Smith, who had sworn to the affidavit in support of the arrest warrant. Detective Smith adopted the representations of the warrant affidavit and testified that on July 2, 1987, around 7:00 p.m., the decedent, James Taylor, and two of his friends were talking near the corner of 10th Place and Savannah Street, S.E., when they saw appellant's co-defendant, Martin Devore, drive by in a vehicle which he was operating. Devore ignored the greeting of one member of the group, and continued driving towards his house. Approximately ten minutes later, decedent and his friends saw Devore and a second man, later identified as appellant, walking side-by-side toward them. As the two men approached the group, one of decedent's friends again greeted Devore. Appellant and Devore walked past the man who had spoken without acknowledging his greeting. As they approached the decedent, appellant moved away from Devore, who then raised a handgun and fired a single fatal shot into decedent's chest. Appellant and Devore fled the scene together, running in the direction of Devore's home. When Devore was arrested in Northumberland County, Virginia, the day after the shooting, appellant was with him.

Detective Smith also testified that his investigation had revealed that appellant and Devore were good friends, that they

had both been enrolled in a Job Corps program in Drum, Pennsylvania, and that there was a history of rivalries and turf battles between Job Corps residents from the District and Job Corps residents from Harrisburg, Pennsylvania, decedent's hometown. Detective Smith further testified that an eyewitness identified appellant, from both a photo array and a lineup, as the man who had shielded Devore and the handgun from view.

In a statement given to police at the time of his arrest, appellant asserted that he and Martin Devore were at home watching a television program with appellant's family until 7:30 on the night decedent was murdered. Detective Smith testified that while he had interviewed two of appellant's relatives who corroborated appellant's alibi, he had not determined when the program the witnesses said they were watching actually went off the air.

In addition to the testimony of Detective Smith, Judge Weisberg had before him evidence of appellant's past convictions which included a juvenile record of a 1984 adjudication of delinquency for second-degree burglary. Additionally, appellant was convicted as an adult of attempted unauthorized use of a vehicle and receiving stolen property, offenses for which he successfully completed probation. Judge Weisberg was also informed by the Pretrial Services Agency that appellant tested positive for drug use, although he denied such use.

After reviewing all of the information and considering the arguments of counsel, Judge Weisberg ordered appellant detained without bond pending trial.

## II.

■ Appellant argues that he was not afforded the minimum procedural safeguards attendant to preventive detention hearings set out in *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). He claims that under *Salerno,* he is entitled to a full-blown adversary hearing which includes the right to confront all witnesses having personal knowledge of the offense. Specifically, appellant asserts that he was denied due process by the trial court's reliance on the hearsay testimony of Detective Smith. We conclude that appellant misreads the *Salerno* opinion.

In *Salerno,* the United States Supreme Court upheld, against facial attack, the constitutionality of the Federal Bail Reform Act of 1984 (the federal Act), 18 U.S.C. § 3141, *et seq.* (1982 ed., Supp. III), — U.S. at —, 107 S.Ct. at 2105. Section 3142(e) applies only to those individuals who have been charged with extremely serious offenses and authorizes pretrial detention on the basis of future dangerousness. Section 3142(f) provides for a hearing during which an individual is afforded the right to be represented by counsel, to testify in his own behalf, to present witnesses, to cross-examine witnesses and to present information by proffer or otherwise. However, § 3142(f) explicitly states that information presented in a pretrial detention hearing is not subject to the rules concerning the admissibility of evidence. Finally, § 3142(f) requires the government to prove an individual's dangerousness by clear and convincing evidence. The Supreme Court set no minimum constitutional limits. Rather, it based its decision on the conclusion that the regulatory purpose of detaining dangerous defendants "overwhelmed" the individual's strong interest in liberty. *Id.* 107 S.Ct. at 2103. In doing so, the federal Act's provisions were held facially adequate. *Id.* at 2104.

In *De Veau v. United States,* 454 A.2d 1308, 1316 (D.C.1982), this court upheld the constitutionality of § 23–1325(a) of the District of Columbia bail law, which authorizes the pretrial detention of individuals charged with first-degree murder on the basis of future dangerousness. We equated that statutory standard of "reason to believe" with probable cause. *Id.*

We also acknowledged that an individual charged with first-degree murder is entitled to a detention hearing since a significant pretrial restraint of liberty could result. *Id.* The hearing contemplated by this court is an informal one similar to that afforded individuals subject to detention under § 23–1321, which is incorporated by

reference in § 23–1325(a). Thus, a defendant charged with first-degree murder is entitled to be represented by counsel, to cross-examine witnesses, to testify and present witnesses in his own behalf and to present relevant information by proffer or otherwise. § 23–1322(c)(4). The trial court may consider any available information in making its decision to detain, and information presented in detention hearings is not subject to the rules concerning the admissibility of evidence in a court of law. §§ 23–1321(b), (g), 23–1322(c)(5); *see United States v. Edwards*, 430 A.2d 1321, 1334 (D.C.1981) (en banc) (hearsay evidence properly admissible at so-called preventive detention hearings), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). An order of detention must contain written reasons and must be supported by probable cause. § 23–1325(a). *See De Veau, supra*, 454 A.2d at 1316.

The right to compulsory process is notably absent from both the federal Act and the District of Columbia bail law. Moreover, both statutes clearly authorize the consideration of information or hearsay evidence without adherence to formal rules. *Salerno* upheld this process. Accordingly, we reject appellant's argument that the procedural protections afforded appellant here fell below a constitutional minimum. *Salerno* upheld procedures required by the federal Act, which at least meet, if not exceed, what the Constitution requires.

### III.

■ Appellant contends that when, as here, a trial court bases its order to detain on the facts of the crime, those facts must be proved by clear and convincing evidence. In support of this proposition, appellant relies on those sections of the federal Act which enumerate factors to be considered by a trial court in determining future dangerousness. Those factors include the nature and circumstances of the crime, the weight of the government's evidence, past convictions, community ties, employment history and character and mental state. 18 U.S.C. § 3412(g). Appellant is mistaken. Neither the statute nor *Salerno* requires proof by clear and convincing evidence of

each factor relied upon. Rather, under the federal Act the information in the aggregate must establish an individual's future dangerousness by clear and convincing evidence.

Moreover, it is well settled that the Fourth Amendment requires only an ex parte showing of probable cause as a prerequisite to "extended" pretrial detention. *Gerstein v. Pugh*, 420 U.S. 103, 115, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); *accord, De Veau, supra*, 454 A.2d at 1315; *see* Super.Ct.Crim.R. 5(c) and (d)(1). Indeed, *Salerno* specifically noted that "[t]he government must first of all demonstrate probable cause to believe that the charged crime was committed by the arrestee...." 107 S.Ct. at 2104. Therefore, *Salerno* does not modify or overrule *De Veau* in this respect, and we reject appellant's contention to that effect.

### IV.

■ Appellant correctly observes that we have previously held that probable cause of an individual's dangerousness was sufficient for detention under § 23–1325(a). *De Veau, supra*, 454 A.2d at 1316. That holding may well be valid today since *Salerno* did not purport to hold a clear and convincing standard to be required other than by the statute. However, in light of the fact that Judge Weisberg applied the elevated standard of clear and convincing evidence when he ordered appellant detained, we think it inappropriate to decide this constitutional issue again, in light of *Salerno*. Rather, we will invoke our inherent supervisory authority to hold that the government must in the future prove an individual's dangerousness by clear and convincing evidence before he can be detained pursuant to § 23–1325(a). In this way the standard will be consistent with the federal law as expressed by Congress. *In re Kelley*, 433 A.2d 704, 707 (D.C.1981) (en banc).

■ We are, however, unpersuaded by appellant's argument that there was insufficient evidence of his dangerousness, under this higher standard, to support the

order of detention. Judge Weisberg heard extensive testimony about appellant's participation in the murder, which he characterized as an execution. Judge Weisberg also had before him evidence of appellant's past crimes, one of which, the burglary, is considered a crime of violence in this jurisdiction, § 23–1331(4). There was also evidence of appellant's drug use. Judge Weisberg found that the inferences of dangerousness raised by appellant's past crimes and drug use were "reinforced, strengthened and made undeniable by the facts of this crime." The record here clearly contains sufficient evidence of appellant's dangerousness to support a pretrial detention order. Therefore, we affirm the order detaining appellant because it is supported by the proceedings below. § 23–1324(b); *see De Veau, supra,* 454 A.2d at 1318–19; *see also Ireland v. United States,* 406 A.2d 1259, 1260 (D.C.1979).

## V.

Appellant's final argument is that court-ordered detention for an unspecified length of time violates his constitutional right to a speedy trial. That is a separate issue—a right with a specific remedy. We are mindful that § 23–1325(a), unlike § 23–1322, does not provide for detention of a specified duration before trial. However, we decline to impose any time limitations to detention ordered pursuant to a charge of first-degree murder. Rather, we observe that appellant's remedy for protracted pretrial detention is adequately provided by Super.Ct.Crim.R. 48(b), which authorizes a trial court to dismiss a criminal complaint because of undue delay in presenting the charge to the grand jury, filing an information against a defendant, or failure to prosecute. Of course, the sixth amendment speedy trial right remains extant.

The order of detention is

*Affirmed.*