Damion SCOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 93–CO–931.

District of Columbia Court of Appeals.

Decided Nov. 18, 1993.

---

Joseph C. Metcalfe and Steven R. Kiersh, for appellant.

J. Ramsey Johnson, U.S. Atty. at the time the motion was filed, and John R. Fisher and Renate D. Staley, Asst. U.S. Attys., for appellee.

Before FARRELL and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

■ We here sustain the trial court's denial of appellant's motion requesting reconsideration and modification of an order detaining him pretrial under D.C.Code § 23-1325(a) (Supp.1993). Detention under that statute is permitted if the trial court finds (1) probable cause to believe that the person committed the offense charged (in this case, murder in the first degree), and (2) by clear and convincing evidence that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community. *Lynch v. United States,* 557 A.2d 580, 581–82

(D.C.1989) (en banc); *Kleinbart v. United States,* 604 A.2d 861 (D.C.1992). An order of detention "shall be affirmed if it is supported by the proceedings below." D.C.Code § 23-1324(b); *Ireland v. United States,* 406 A.2d 1259, 1260 (D.C.1979).

■ Appellant, who was charged with felony murder, D.C.Code § 22-2401 (1989), contends primarily that the trial court erred in finding probable cause to believe that he committed the predicate felony of robbing or attempting to rob the decedent. While appellant's motion for reconsideration and modification was pending before the trial court, however, the grand jury indicted appellant on several charges including felony murder premised on the attempted armed robbery of the decedent. The Supreme Court has held that

> an indictment, "fair upon its face," and returned by a "properly constituted grand jury," conclusively determines the existence of probable cause.... The willingness to let a grand jury's judgment substitute for that of a neutral and detached magistrate is attributable to the grand jury's relationship to the courts and its historical role of protecting individuals from unjust prosecution.

*Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975). Consequently, the uniform view (so far as we have determined) of courts of appeals construing the federal bail statute[1] is that the return of an indictment is sufficient to establish probable cause that the defendant committed the offense on the basis of which pretrial detention is sought. *E.g., United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir.1991); *United States v. Contreras,* 776 F.2d 51, 53–54 (2d Cir.1985); *United States v. Suppa,* 799 F.2d 115, 118–19 (3d Cir.1986); *United States v. Trosper,* 809 F.2d 1107, 1110 (5th Cir.1987); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985); *United States v. Dominguez,* 783 F.2d 702, 706 n. 7 (7th Cir. 1986); *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991); *United States v.*

---

1. Like D.C.Code § 23-1325(a), the federal Bail Reform Act requires the government "first of all [to] demonstrate probable cause to believe that the charged crime has been committed by the arrestee...." *United States v. Salerno,* 481 U.S. 739, 750, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987).

*Quartermaine,* 913 F.2d 910, 915–16 (11th Cir.1990). We follow these decisions in construing our own statute as well.

█ Appellant's remaining contention that the government failed to establish his dangerousness by clear and convincing evidence is without substance. Besides the evidence that appellant shot and killed the decedent in this case, the government adduced evidence that a month after the shooting, at the time of his apprehension, appellant was engaged in a fight with another man and that as the police approached to intervene, appellant dropped a .45 caliber handgun to the ground and attempted to flee on foot.

Accordingly, we deny appellant's motion for summary reversal of the order denying his motion for reconsideration and modification of the detention order. We grant the government's cross-motion for summary affirmance of the trial court's order.

*So ordered.*